Cynthia PROCTOR, Plaintiff,

v.

**WACKENHUT CORRECTIONS CORPORATION,**
Defendant.

No. 4:02–CV–0011–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Nov. 8, 2002.

Boyd A. Mouse, Kane Russell Coleman & Logan, Dallas, TX, Chad A. Cox, Cox & Hatcher, San Angelo, TX, for plaintiff.

Bridgett Robinson, Walsh Anderson Brown Schulze & Aldridge, Austin, TX, Paul W. Hunn, Walsh Anderson Brown Schulze & Aldridge, Irving, TX, for defendant.

## MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

Came on for consideration the motion of defendant, Wackenhut Corrections Corporation, for summary judgment. The court, having considered the motion, the response of plaintiff, Cynthia Proctor, ("Proctor") the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

### I.

#### Plaintiff's Claims

On October 4, 2001, Debra Reed, Proctor, and Alice Smith filed a complaint against defendant in Civil Action No. 4:01–CV–0807–A. By order signed January 7, 2002, the court severed the claims of the

three plaintiffs into three separation actions with one plaintiff each. Proctor's claims were assigned the above-referenced civil action number.

Proctor alleges that she is a forty-nine-year-old female who was employed by defendant as Chief of Classification from about October 2, 1995, until she was unjustly demoted on October 24, 2000, to Case Manager with a $12,000 pay cut. Her complaint sets forth claims under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e–17, for retaliation under 42 U.S.C. § 2000e–3(a), for violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 ("ADEA")[1], for negligent hiring, retention, training, and supervision of Proctor's supervisors and human relations department personnel, and for intentional infliction of emotional distress.[2]

## II.

### Grounds of the Motion

Defendant asserts four grounds in support of its motion. First, Proctor cannot establish that she was subjected to disparate treatment on the basis of her gender. Second, Proctor was not retaliated against for filing her charge of discrimination. Third, with regard to Proctor's state law claims, defendant is entitled to Eleventh Amendment and sovereign immunity or, alternatively, Proctor's state law claims are preempted by Title VII. And, fourth, Proctor cannot establish a claim for intentional infliction of emotional distress, and, since she cannot do so, she cannot prevail on her state law negligence claim.

---

1. Proctor's EEOC charge only reflects discrimination based on sex and retaliation. Def.'s App. at 110.

2. The parties recognized, in their joint status report filed February 6, 2002, that these were the claims being asserted by Proctor.

## III.

### Plaintiff's Response to the Motion for Summary Judgment

In her opposition to defendant's motion for summary judgment, Proctor states that she sues defendant

for rights secured to her under Title VII of the Civil Rights Act of 1964, as amended (gender discrimination), for retaliation under 42 U.S.C. § 2000e–3(a) of Title VII, and for the pendent state law claims pertaining to negligent hiring, training, retention, and supervision and intentional infliction of emotional distress.

Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 1, ¶ 1. Moreover, Proctor acknowledges that defendant's motion addresses "all of Plaintiff's causes of action." *Id.* at ¶ 2. Thus, Proctor has apparently abandoned any other claims she originally asserted.[3]

## IV.

### Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. The movant may discharge this burden by pointing out the absence of evi-

---

3. The court notes that Proctor's Equal Pay Act claim was based on alleged gender discrimination, of which there is no evidence. And, as noted earlier, Proctor's EEOC charge refers only to sex and retaliation, and not age, as a basis for discrimination.

dence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256, 106 S.Ct. 2505. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons,* 746 F.2d 265, 269 (5th Cir.1984).

The standard for granting a summary judgment is the same as the standard for a directed verdict. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita,* 475 U.S. at 597, 106 S.Ct. 1348.

## V.

### Undisputed Evidence

The following is an overview of evidence pertinent to the motion for summary judg-
ment that is undisputed in the summary judgment record:

Plaintiff is a female employed by defendant at the Lockhart Work Program facility in Lockhart, Texas. She was employed by defendant on October 1, 1995, as the chief of classification at the facility. On May 18, 2000, the Texas Department of Criminal Justice–Internal Affairs Division opened an investigation to determine whether Proctor had mistreated an inmate. On August 9, 2000, Proctor filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On August 30, 2000, the Texas Department of Criminal Justice–Internal Affairs Division sustained the charges made against Proctor, finding that she had mistreated an inmate. On October 24, 2000, Proctor was demoted to classification case manager and her annual salary was reduced by $12,000. The reduction in salary placed Proctor in the salary range for classification case managers. The disciplinary action imposed was within the range of punishment mandated by Texas Department of Criminal Justice Personnel Directive 22.

## VI.

### Law Applied to the Facts

#### A. Discrimination and Retaliation.

To establish a *prima facie* case of discrimination under Title VII, Proctor must show that (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside her protected class or similarly situated individuals outside the protected class were treated more favorably. *Urbano v. Continental Airlines, Inc.,* 138 F.3d 204, 206 (5th Cir.1998). To establish a claim for retaliation, Proctor must show that she engaged in protected

activity, that defendant took adverse employment action against her, and that a causal connection existed between the protected activity and the employment action. *Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 705 (5th Cir.1997).

██ Here, Proctor has not come forward with any summary judgment evidence to establish a *prima facie* case of discrimination or retaliation. Although Proctor filed an appendix in support of her response, none of the items included is authenticated or verified.[4] Even if the summary judgment evidence had been proper, the materials simply do not establish a *prima facie* case of discrimination. In particular, the court notes that Proctor did not submit her own affidavit or declaration in support of her claims. Nor is the original complaint verified. There is no evidence to establish that similarly situated individuals were treated more favorably than Proctor or that her demotion had anything to do with her filing of an EEOC charge.

B. *State Law Claims.*

██ Defendant first urges that it is entitled to immunity from Proctor's state law claims under the Eleventh Amendment of the United States Constitution. The Eleventh Amendment bars suits for damages against a state in federal court unless the state waives its immunity. The bar of the Eleventh Amendment to sue in federal courts extends to states and to state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Thus, the issue is whether defendant is to be treated as an arm of the state or is instead to be treated as a municipal corporation or other

political subdivision to which the Eleventh Amendment does not extend. *Id.* Unfortunately, the Fifth Circuit has not addressed the issue. The court is not persuaded that under the test set forth in *Citrano v. Allen Corr. Ctr.,* 891 F.Supp. 312, 321 (W.D.La. 1995), defendant is entitled to Eleventh Amendment protection. At least defendant has not established through its summary judgment evidence sufficient facts to show that it should be treated as an arm of the state. The court notes that Texas law provides that a private vender operating a state prison "may not claim sovereign immunity in a suit arising from the services performed" under its contract with the state. TEX. GOV. CODE ANN. § 495.005 (Vernon 1998). And, a finding of inapplicability of sovereign immunity is also consistent with the Supreme Court's holding in *Richardson v. McKnight,* 521 U.S. 399, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997), that private guards in a state prison are not entitled to qualified immunity.

Defendant next urges that it is entitled to invoke the doctrine of sovereign immunity under state law. *See State v. Terrell,* 588 S.W.2d 784 (Tex.1979). The court is not persuaded by the cases defendant cites that it is entitled to sovereign immunity. Despite defendant's contention to the contrary, Proctor's claims arise from services performed under defendant's contract with the State of Texas.

Defendant alternatively urges that Proctor's claims are preempted by Title VII. The case upon which defendant relies, *Stewart v. Houston Lighting & Power Co.,* 998 F.Supp. 746, 754 n. 8 (S.D.Tex.1998), misinterprets two earlier Fifth Circuit cases for the proposition that state law claims are preempted by Title VII. Those cases, *Jackson v. Widnall,* 99 F.3d 710, 716 (5th Cir.1996), and *Rowe v. Sullivan,* 967

---

4. The materials that purport to be authenticated are attached to a copy of an affidavit. No original affidavits or declarations were submitted.

F.2d 186, 189 (5th Cir.1992), hold that Title VII provides the exclusive remedy for federal employees. There is no contention here that Proctor is a federal employee.

Finally, defendant argues that plaintiff cannot prevail on her negligent hiring, retention, training, and supervision claim, because she cannot establish an underlying tort. Proctor urges that the underlying tort is that of intentional infliction of emotional distress. That claim, however, is not viable.

 To establish a claim for intentional infliction of emotional distress, Proctor would have to show that defendant engaged in conduct that was so outrageous in character and extreme in degree that it surpassed " 'all possible bounds of decency,' such that it is 'utterly intolerable in a civilized community.' " *Ward v. Bechtel Corp.*, 102 F.3d 199, 203 (5th Cir.1997); *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 306 (5th Cir.1989) (quoting *Restatement (Second) of Torts*, § 46, cmt. d); *Sauls v. Union Oil Co.*, 750 F.Supp. 783 (E.D.Tex.1990). The court is to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. *Danawala v. Houston Lighting & Power Co.*, 14 F.3d 251, 256 (5th Cir.1993); *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex.1993). To prevail, Proctor must show (1) defendant's conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the actions of defendant caused her to suffer emotional distress; and (4) the emotional distress suffered was severe. *Ward*, 102 F.3d at 203 n. 2; *Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 195 (5th Cir.1996), *cert. denied*, 519 U.S. 1055, 117 S.Ct. 682, 136 L.Ed.2d 607 (1997). Liability does not extend to mere insults, indignities, threats, annoyances, or petty oppressions. *Weller*, 84 F.3d at 195. The mere existence of a scintilla of evidence in support of plaintiff's

position is insufficient; there must be evidence upon which a jury could reasonably find for plaintiff. *McKethan v. Texas Farm Bureau*, 996 F.2d 734, 740 (5th Cir. 1993), *cert. denied*, 510 U.S. 1046, 114 S.Ct. 694, 126 L.Ed.2d 661 (1994). Incidents in which a Texas court has determined the conduct of an employer with regard to an employee to be extreme and outrageous are few. *Horton v. Montgomery Ward & Co., Inc.*, 827 S.W.2d 361, 369 (Tex.App.— San Antonio 1992, writ denied). In order to create a jury issue on liability, Proctor must present evidence that her distress was so severe that "no reasonable [person] could be expected to endure it." *McKethan*, 996 F.2d at 742 (quoting *K.B. v. N.B.*, 811 S.W.2d 634, 640 (Tex.App.—San Antonio 1991, writ denied), *cert. denied*, 504 U.S. 918, 112 S.Ct. 1963, 118 L.Ed.2d 564 (1992)). Here, the conduct alleged is certainly "within the realm of an ordinary employment dispute" and does not rise to a level of extreme and outrageous conduct. *Johnson v. Merrell Dow Pharmaceuticals, Inc.*, 965 F.2d 31, 33–34 (5th Cir.1992). And, there is no evidence to support the claim, even had it been a viable one.

Because Proctor has not shown that she has a tort claim, she cannot pursue her negligent hiring, retention, training, and supervision claims. *Gonzales v. Willis*, 995 S.W.2d 729, 739 (Tex.App.—San Antonio 1999, no pet.).

## VII.

### ORDER

For the reasons discussed herein,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that Proctor take nothing on her claims against defendant; and that such claims be, and are hereby, dismissed with prejudice. The court further

ORDERS that defendant have and recover its court costs from plaintiff.