Herman R. DANCY, Jr. et al., Plaintiffs

v.

FINA OIL & CHEMICAL COMPANY,
Defendant.

No. 1:96–CV–0196.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 16, 1997.

Jill Swearingen Chatelain, Provost & Umphrey, Beaumont, TX, for Plaintiffs.

Durwood Douglas Crawford, Goins, Underkoffler, Crawford & Langdon, Dallas, TX, for Defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is Defendant's Motion for Summary Judgment, filed by Fina Oil & Chemical Company. Plaintiffs, including Herman Dancy, filed suit claiming that they were exposed to intentional infliction of emotional distress and an invasion of their privacy by the management of Fina, who allegedly published a list of employees with excessive absences. Because plaintiffs have failed to meet their burden of setting forth specific facts showing a genuine issue for trial and because the alleged conduct does not give rise to actionable claims of intentional infliction of emotional distress or invasion of privacy, the Motion for Summary Judgment is GRANTED.

## I. FACTUAL BACKGROUND

Plaintiffs filed workers' compensation claims contending that they were injured while working for Fina Oil. As a result of the alleged injuries, plaintiffs were absent from work for various lengths of time. Because of the absences, Fina Oil created a list of its employees in the Port Arthur Refinery who had excessive absences from work. The list was prepared by Fina for purposes of counseling the absentee employees and the list originally was distributed only to Fina managers. After union representatives requested a copy of the list, copies were sent to the heads of two unions. At some point, the contents of the list became known to many of the employees at Fina. Plaintiffs filed suit in Texas state court, contending that the alleged publication of the list caused them great embarrassment and emotional distress. Fina removed the case to this court and, on motion for remand, this court found remand to be improper. *Dancy v. Fina Oil & Chemical Co.*, 921 F.Supp. 1532, 1534 (E.D.Tex. 1996). Fina then filed a Motion for Summary Judgment.

## II. ANALYSIS

This court has federal question jurisdiction over the case, 28 U.S.C. §§ 1331, 1441(a), because it was properly removed to this court. *See Dancy v. Fina Oil & Chemical Co.*, 921 F.Supp. 1532 (E.D.Tex.1996). Federal law completely preempts state law in controversies that involve an interpretation of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). *See id.* at 1535.

### A.

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue of material fact and that [it] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party must show that, if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted). The opposing party must set forth *specific facts* showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. Fed.

R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Mere conclusory allegations are not competent summary judgment evidence, and they are, therefore, insufficient to defeat or support a motion for summary judgment. *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.1992).

### B.

▮ In support of its Motion for Summary Judgment, Fina Oil presents affidavit evidence that the only people with access to the list were top Fina managers and the chairman of two unions. The affidavit evidence also contained opinions that neither the Company, nor any authorized agent, posted the list or published it in any manner. Furthermore, deposition testimony from Stephen Cornell, the refinery manager, revealed two theories of how the list was published: (1) a member of the IBEW union received a copy of the list from the union representative, made a copy of it, and posted it in the IBEW shop area; and (2) the OCAW union distributed the list to union members. Fina Oil contends that plaintiffs have put forth no credible evidence and alleged no specific facts that the information was disseminated by Fina Oil.

To overcome the Motion for Summary Judgment, plaintiffs assert that a material fact issue exists as to who published the list and how it was published. Plaintiffs' evidence is limited to (1) depositions and affidavits containing opinions that OCAW union did not post the list; and (2) two copies of the list which purport to prove that the union's copy was not the posted list. The deposition of Becky Aucoin, an employee whose name appeared on the list, merely contained her opinion that the company was more likely to have posted the list than the union, because of a statement by someone in the OCAW union that their copy of the list was kept under lock and key. The deposition of Terry Smith purported to establish that the only list the OCAW union had, which was allegedly under lock and key, had a notation that did not appear on the list that was posted. Plaintiffs rely on Cornell's deposition as evidence that he was aware the list

had been posted. The portions of the deposition attached to plaintiffs' Brief in Response does not support that statement by Cornell.

Plaintiffs ask this court to infer that a material issue of fact exists from the hearsay testimony that there was only one copy provided to the OCAW union and it was not the copy that was posted. Plaintiffs fail to address the fact that two unions received the list. A reasonable jury could not fairly infer that Fina had published the list merely based on the circumstantial evidence that one of the two unions did not. Therefore, Plaintiffs have failed to meet their burden to put forth specific facts showing that a material factual issue exists.

### C.

Fina alternatively contends that, even if there was sufficient evidence to create a factual issue as to who published the list, the plaintiffs have failed to state a cause of action for intentional infliction of emotional distress or for invasion of privacy.

#### 1. Intentional Infliction of Emotional Distress

▮ Even if Fina published the list, this behavior does not rise to the level of conduct that is actionable as intentional infliction of emotional distress. To make an actionable claim for intentional infliction of emotional distress, a plaintiff has to allege intentional conduct that is extreme and outrageous and that exceeds all possible bounds of decency so as to be regarded as atrocious, and utterly intolerable in a civilized community. *Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex. 1993). The cause of action does not protect against mere insults, indignities, and threats. *MacArthur v. University of Texas Health Center at Tyler,* 45 F.3d 890, 898 (5th Cir. 1995). Furthermore, a claim for intentional infliction of emotional distress will not lie for "mere employment disputes." *Id.*

Fina Oil had a right to create the list. "In order to properly manage its business, an employer must be able to supervise, review, criticize, demote, transfer, and discipline employees." *Id.* The list was a reasonable manner in which to apprise department managers of which employees needed to be

counseled, as permitted by the company's "Attendance Improvement Program." A dispute over the creation of the list cannot be a ground for a claim of intentional infliction of emotional distress.

As for the alleged publishing of the list, even if the list was published, that act would not rise to the level of outrageous conduct or intolerable conduct beyond all possible bounds of decency. The list merely contained the names of the employees and the number of hours of work missed due to absence. The list was benignly entitled "Employee Absentee—3 Year History." The list did not make any assertions as to the reasonableness of the absences or the extent of the time missed. The list did not reveal anything that was not already visible to the co-workers of the employees on the list. At most, the list caused the employees a bit of embarrassment. While plaintiffs assert that the publication of the list was tantamount to publicly calling the workers "slackers," even that type of behavior would not rise to the level needed to make an actionable claim for intentional infliction. *See Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1143 (5th Cir.1991) ("[L]iability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."); *Starrett v. Iberia Airlines of Spain*, 756 F.Supp. 292, 297 (S.D.Tex.1989) (denying liability for incident in which defendant "became angry and raged at Plaintiff in front of another employee.").

This court finds that, when the evidence is viewed in light most favorable to the non-movant, plaintiffs have failed to state an actionable claim. Therefore, as a matter of law, Fina Oil is entitled to Summary Judgment on the issue of intentional infliction.

### 2. Invasion of Privacy

■ Plaintiffs allege that Fina Oil tortiously disclosed private facts relating to the plaintiffs. Fina Oil contends that, even if the list was published, plaintiffs failed to state a cause of action for invasion of privacy. In order to recover damages in Texas for disclosure of private facts, the plaintiff must prove that (1) publicity was given to matters concerning his or her private life; (2) the matter publicized was not of legitimate public con-

cern; and (3) the publication of those matters would be highly offensive to a reasonable person of ordinary sensibilities. *Industrial Foundation of the South v. Texas Industrial Accident Board*, 540 S.W.2d 668, 682–85 (Tex.1976).

■ The publicity given to the private fact must be more than mere publication. The fact must be made known to the general public by communicating the fact to the public at large or by communicating it to so many people that the matter must be considered substantially certain to become one of public knowledge. RESTATEMENT 2D OF TORTS, § 652D (comment a). Furthermore, an action for disclosure of private facts will not lie where the fact allegedly publicized is one that the plaintiff leaves open to the public eye. *Id.* (comment b). Finally, the highly offensive nature of the publicity has to be judged in accordance with the relative circumstances surrounding the facts. *Id.* (comment c). The ordinary reasonable person would not take offense at a report of facts that can be easily gleaned by casual observation. *Id.*

In this case, the allegedly publicized facts, at worst, were made known to some workers in the refinery. The facts were not made known to the general public, nor were they made known to so many people that the matter must be considered substantially certain to become one of public knowledge. Furthermore, the employees' absences are facts left open to the public eye—at least to the eyes of those in the audience of the publicity. They are not private facts. Finally, the list did not cast any aspersions on the employees, but merely reported facts that could be gleaned by casual observation.

Even when the evidence is viewed in light most favorable to the non-movant, plaintiffs have failed to state an actionable claim for invasion of privacy. Therefore, as a matter of law, Fina Oil is entitled to Summary Judgment on that issue.

### III. CONCLUSION

Plaintiffs have failed to present sufficient evidence to raise a factual issue regarding who published the list. Mere assertions of a

factual dispute unsupported by probative evidence will not prevent summary judgment. *Anderson, supra,* at 256–57, 106 S.Ct. 2505. Additionally, the conduct at issue does not give rise to actionable claims of intentional infliction of emotional distress or invasion of privacy. Fina Oil is entitled, as a matter of law, to a favorable disposition of its Motion for Summary Judgment.

It, therefore, is ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Summary Judgment is hereby GRANTED.