Lamont H. JOHNSON, Plaintiff,

v.

BLUE CROSS/BLUE SHIELD OF
TEXAS, d/b/a HMO Blue
Texas, Defendant.

No. CIV.A. 6:05–CV–010–C.

United States District Court,
N.D. Texas,
San Angelo Division.

June 27, 2005.

Chad A. Cox, Law Office of Chad A. Cox, San Angelo, TX, for Plaintiff.

Matthew R. Scott, Bell Nunnally & Martin, Dallas, TX, Joyce–Marie Garay, Richardson, TX, for Defendant.

## *ORDER*

CUMMINGS, District Judge.

ON THIS DATE THE COURT CONSIDERED the Rule 12(b)(6) Motion to Dismiss Plaintiff's State Law Claims, and Brief in Support, filed by Defendant, BLUE CROSS/BLUE SHIELD OF TEXAS, D/B/A HMO BLUE TEXAS, on April 25, 2005. Plaintiff, LAMONT H. JOHNSON, did not file a Response. Having reviewed the papers and pleadings filed in this case, and after consideration of the argument and authorities, this Court is of the opinion that Defendant's Motion is well taken and that its Motion to Dismiss should be **GRANTED** for the reasons that follow.

## *I. BACKGROUND*

Plaintiff alleges the following claims against Defendant: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) age discrimination in violation of the Age Dis-

crimination in Employment Act of 1967, 42 U.S.C. § 621 ("ADEA"); (3) retaliation in violation of Title VII and the ADEA; and (4) state common law claims for intentional infliction of emotional distress and for negligent hiring, training, supervision, and retention. These claims relate to events that Plaintiff alleges occurred while he was employed by Defendant. Plaintiff alleges that he was denied a promotion in August of 2003 to either of two open supervisory positions because the interview process for the supervisory position was "limited" by its "subjectivity" (granting too much discretion to one decision maker, who was female) and by the fact that it only considered an applicant's "minimal qualifications for the position." [Pl.'s Compl., p. 3 at ¶ 8]. As a result, Plaintiff complains that the promotions went to two females who were "significantly younger with significantly less experience and qualifications." *Id.*

Plaintiff claims that when he inquired as to why he was not selected for promotion, he was informed by Ms. Teri Martinez, Defendant's Claims and Membership Department Manager, (although it is not clear whether she was the one who made the promotion decision) that one of the reasons was "that he would be unable to handle women calling in sick 'at that time of the month' and that it was further perceived that Plaintiff would be insensitive to women that were pregnant." *Id.* Plaintiff claims that his appeal of the decision was denied and that he subsequently filed a charge of discrimination with the EEOC. [*Id.*, p. 4 at ¶ 9]. He then alleges that in December of 2004 he was demoted "for no apparent reason other than his filing a Charge of Discrimination with the EEOC." [*Id.*, p. 4 at ¶ 10]. He complains that he "experienced retaliation from his immediate supervisors" despite the fact that he had been assured by Defendant's human resources office that "his complaints would

be handled professionally and without further retaliation or reprisal." *Id.*

Defendant moves to dismiss Plaintiff's state common law claims for intentional infliction of emotional distress ("IIED claim") and negligent hiring, training, supervision, and retention ("negligent hiring claim").

## II. STANDARD

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. FED. R. CIV. P. 12(b)(6). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Grisham v. United States,* 103 F.3d 24, 25–26 (5th Cir.1997).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas,* 867 F.2d 877, 880 (5th Cir.1989). Further, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.,* 94 F.3d 189, 194 (5th Cir.1996). This is consistent with the well-established policy that the plaintiff be given every opportunity to state a claim. *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977). In other words, a motion to dismiss an action for failure to state a claim "admits the facts

548

alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994). Dismissal, however, is warranted "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995).

## III. DISCUSSION

Defendant offers several bases for its argument that dismissal of Plaintiff's state common law IIED and negligent-hiring claims is appropriate. The first basis results from a top-down imposition of federal preemption doctrine, while the second one relies on a bottom-up preclusion of the claim based on state law. According to the "top-down" version, Plaintiff's state law claims for IIED and negligent hiring are preempted by his Title VII and ADEA claims based on the same facts or occurrence. Defendant's rationale for this is grounded in a logical extension of the Supreme Court's language in *Brown v. General Services Administration* that "Congress intended [Title VII] to be [the] exclusive and pre-emptive" remedy for federal employees. 425 U.S. 820, 829, 96 S.Ct. 1961,1966, 48 L.Ed.2d 402 (1976). The Fifth Circuit has interpreted *Brown* to stand for "the proposition that Title VII is the exclusive judicial remedy for claims of discrimination in federal employment." *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir.1992); *see also Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir.1996). According to Defendant, no logical distinction exists between the comprehensive administrative enforcement scheme provided for employees of private employers under Title VII, §§ 2000e–2 and 2000e–5, and that provided for federal employees under § 2000e–16, the latter of which the Supreme Court described as "the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976). Defendant contends that the Supreme Court's determination that Title VII provides a comprehensive scheme preempting all other claims by a federal employee based on the same facts that underlie a discrimination claim, likewise should control where a plaintiff alleges both Title VII claims and state law IIED and negligent-hiring claims, based on the same underlying facts, against a private employer.

■ In support of this view, Defendant cites to the Seventh Circuit opinion which held that Title VII preempts a common law claim for IIED against a private employer. *See Jansen v. Packaging Corp. of Am.*, 123 F.3d 490, 493 (7th Cir.1997) (per curiam) (en banc). In addition, the Court notes that a district court in this circuit has also held that Title VII preempts state law IIED claims. *See Goins v. Hitchcock Indep. Sch. Dist.*, 191 F.Supp.2d 860, 871–72 (S.D.Tex.2002) ("When a plaintiff alleges a claim for intentional infliction of emotional distress based on the same facts making up her Title VII claim, the former is preempted .... Therefore, to the extent that Plaintiff's common law tort claim for intentional infliction of emotional distress and her Title VII claim arise from identical factual allegations, her intentional infliction of emotional distress claim cannot survive.") (citing *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir.1996), and *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir.1992), although without distinguishing claims against private employers from those against federal government as in those

cases); *see also Prigmore v. Houston Pizza Ventures, Inc.,* 189 F.Supp.2d 635, 643 (S.D.Tex.2002) (same); *Stewart v. Houston Lighting & Power Co.,* 998 F.Supp. 746, 757 n. 8 (S.D.Tex.1998) (same). Although these cases do not make such a holding, the same rationale underlying Title VII preemption of an IIED claim could also extend to Plaintiff's negligent-hiring claim. However, because the Fifth Circuit has not expressly extended the holdings of *Rowe* and *Widnall* to claims for IIED against private employers, this Court declines to adopt the reasoning favoring top-down Title VII preemption of IIED claims or negligent-hiring claims, for that matter, against private employers.

██ Instead, this Court finds the rationale behind the bottom-up preclusion version to be adequate for the disposition of this issue. As for Plaintiff's IIED claim, it is considered to be a "gap-filler" tort under Texas law that is not available where the claim is based on conduct covered by other specific statutory schemes such as Title VII and the ADEA. A "gap-filler" tort is one that is "judicially created for the limited purpose of allowing recovery in those rare instances [in] which a [plaintiff] ... has no other recognized theory of redress." *Hoffmann–La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 447 (Tex.2004). In Texas, IIED is a "gap-filler" tort with the "clear purpose ... to supplement existing forms of recovery by providing a cause of action for egregious conduct that might otherwise go unremedied ... [but which] should not be extended to circumvent the limitations placed on the recovery of mental anguish damages under more established tort doctrines." *Id.; see also Tillison v. Trinity Valley Elec. Co-op., Inc.,* 2005 WL 292423, *2 (N.D.Tex., February 7, 2005) (same).

As the Texas Supreme Court stated in *Hoffmann–La Roche,* "[i]n creating the new tort, we never intended that it be used to evade legislatively-imposed limitations on statutory claims or to supplant existing common law remedies. Properly cabined, the tort simply has no application when the actor intends to invade some other legally protected interest, even if emotional distress results." 144 S.W.3d at 447 (internal quotations and citations omitted). The Texas Supreme Court further elaborated that "[i]f the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction [of emotional distress] claim regardless of whether he or she succeeds on, or even makes, a statutory claim." *Id.* at 448.

██ While *Hoffmann–La Roche* applied the gap-filler doctrine to preempt IIED claims where the same facts were raised in the plaintiff's claim under the Texas Commission on Human Rights Act, federal courts in this district have applied that same doctrine where IIED claims are raised alongside Title VII claims. *See Tillison,* 2005 WL 292423, *2 (holding that plaintiff could not pursue a claim for IIED because it is a gap-filler tort under Texas law that is only available where no other remedy exists, and plaintiff's claim was already "cognizable under federal anti-discrimination statutes [Title VII]"); *Sauceda v. Bank of Texas, N.A.,* 2005 WL 578474, *3 (N.D.Tex., March 9, 2005) ("Sauceda's Title VII claims and her intentional infliction of emotional distress claim arise out of the same events and incidents. Therefore, Plaintiff's intentional infliction of emotional distress claim is preempted by her Title VII claims"). In the instant case, Plaintiff's state law claim alleging IIED incorporates and realleges the very same facts that support his race and age discrimination claims. Consequently, the "gravamen" of Plaintiff's Complaint is "the very type of wrong the statutory remedy" pro-

550

vided by Title VII and the ADEA were meant to provide. In addition, by failing to respond to Defendant's motion for summary judgment, Plaintiff has produced no evidence to support his claim for IIED. Accordingly, dismissal of Plaintiff's state law claim for IIED is appropriate.

 No authority exists for extending the gap-filler doctrine to Plaintiff's state law negligent-hiring claim, however. Nevertheless, this Court is of the opinion that under Texas law, dismissal of Plaintiff's IIED claim leaves him without a basis for a claim for negligent hiring. Although no state supreme court opinion is on point, several Texas appellate courts and federal district courts have recently adopted the rule that an employer cannot be held liable for negligently hiring an employee unless the employee committed an actionable tort. *See Gonzales v. Willis,* 995 S.W.2d 729, 739 (Tex.App.-San Antonio 1999, no pet.); *Garcia v. Allen,* 28 S.W.3d 587, 593 (Tex. App.-Corpus Christi 2000, pet. denied); *Host Marriott Corp. v. Meadows,* 2001 WL 727341, *2 (Tex.App.-Dallas 2001) (unpublished disposition); *Centennial Ins. Co. v. Bailey,* 2000 WL 1515158 *6 (Tex.App.-Dallas 2000) (unpublished disposition); *Carlson v. Rockwell Space Operations Co.,* 985 F.Supp. 674, 691–92 (S.D.Tex.1996); *Nichols v. Apartment Temporaries Inc.,* 2001 WL 182701, *5 (N.D.Tex.2001); *Griego v. United States,* 2000 WL 33348763, *6 (W.D.Tex.2000); *Verhelst v. Michael D's Restaurant San Antonio, Inc.,* 154 F.Supp.2d 959, 968 (W.D.Tex.2001). As the court in *Gonzales* noted, "This rule comports with the fundamental tort principle that a person is not liable for negligence, no matter how egregious, unless the negligence causes a legally compensable injury." *Gonzales,* 995 S.W.2d at 739 (citing W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 30, at 165 (5th ed.1984)).

In the context of negligent-hiring claims, if the employee did not commit an actionable tort, the plaintiff has not been injured in the eyes of the law; therefore, the employer's negligence has not caused a legally compensable injury. When this rule is applied to the instant case, in order to prevail on his negligent-hiring claim, Plaintiff would be required to establish not only that the employer was negligent in hiring the employee, but also that the employee committed an actionable tort against him. Here, however, after dismissal of his state common law tort claim for IIED, Plaintiff has no independent common law tort claim pending before this Court, only his statutory claims based on Title VII and the ADEA. Dismissal of Plaintiff's negligent-hiring claim is therefore appropriate.

**IV.**

***CONCLUSION***

For the reasons stated above, Defendant is entitled to dismissal of Plaintiff's state law claims for intentional infliction of emotional distress and for negligent hiring, training, supervision, and retention.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Dismiss Plaintiff's State Law Claims is hereby **GRANTED** and Plaintiff's state law claims for intentional infliction of emotional distress and for negligent hiring, training, supervision, and retention are **DISMISSED** with prejudice.