**Randal J. GONNERING, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF TEXAS and Emerald Resource Group, Inc., Defendants.**

**No. A–04–CA–736 LY.**

United States District Court,
W.D. Texas,
Austin Division.

Mar. 15, 2006.

Matthew Roy Scott, Bell, Nunnally & Martin PLLC, Dallas, TX, Joyce-Marie Garay, Bluecross Blueshield of Texas, Richardson, TX, Erik L. Krudop, J. Mi-

chael Ezzell, Ball & Weed, San Antonio, TX, for Defendant.

## ORDER ON INTERIM REPORT AND RECOMMENDATION

YEAKEL, District Judge.

Before the Court are Defendant BCBSTX's[1] Motion for Summary Judgment and/or Alternatively Motion for Judgment on the Pleadings, and Brief in Support filed December 5, 2005 (Doc. # 17); Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment filed December 27, 2005 (Doc. # 19); Defendant BCBSTX's Reply to Plaintiff's Response to BCBSTX's Motion for Summary Judgment and/or Alternatively Motion for Judgment on the Pleadings, and Brief in Support filed January 3, 2006 (Doc. # 22); and Defendant BCBSTX's Motion to Strike Portions of Plaintiff's Summary Judgment Evidence, and Brief in Support filed January 3, 2006 (Doc. # 23). The motions, response, and reply were referred to the Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended.

The Magistrate Judge filed his Report and Recommendation on January 27, 2006 (Doc. # 24). The Magistrate Judge recommended that this Court grant Defendant BCBSTX's Motion for Summary Judgment and/or Alternatively Motion for Judgment on the Pleadings, and Brief in Support (Doc. # 17). The Magistrate Judge further recommended that this Court deny Defendant BCBSTX's Motion to Strike Portions of Plaintiff's Summary Judgment Evidence, and Brief in Support (Doc. # 23).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, a party may serve and file specific, written objections to the proposed findings and recommendations of the Magistrate Judge within ten (10) days after being served with a copy of the Report and Recommendation, and thereby secure a *de novo* review by the District Court. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a Report and Recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415 (5th Cir.1996) (en banc).

Objections were due February 24, 2006. The parties in this cause were properly notified of the consequences of a failure to file objections. No party has filed objections to the findings of fact and conclusions of law in the report and recommendation. The Court, having reviewed the entire record and finding no plain error, accepts the report and recommendation filed in this cause.

**IT IS THEREFORE ORDERED** that the United States Magistrate Judge's Report and Recommendation (Doc. # 24) filed in this cause is hereby **APPROVED** and **ACCEPTED** by the Court.

**IT IS FURTHER ORDERED** that Defendant BCBSTX's Motion for Summary Judgment and/or Alternatively Motion for Judgment on the Pleadings, and Brief in Support (Doc. # 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant BCBSTX's Motion to Strike Portions of Plaintiff's Summary Judgment Evidence, and Brief in Support (Doc. # 23) is **DENIED**.

1. BCBSTX is Defendant Blue Cross and Blue Shield of Texas.

## INTERIM REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

PITMAN, United States Magistrate Judge.

To: The Honorable Lee Yeakel, United States District Judge.

Before the Court are Defendant BCBSTX's Motion for Summary Judgment and/or Alternatively Motion for Judgment on the Pleadings, and Brief in Support, filed December 5, 2005 (Clerk's Dkt. # 17); Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, filed December 27, 2005 (Clerk's Dkt. # 19); Defendant BCBSTX's Reply to Plaintiff's Response to BCBSTX's Motion for Summary Judgment and/or Alternatively Motion for Judgment on the Pleadings, and Brief in Support, filed January 3, 2006 (Clerk's Dkt. # 22); and Defendant BCBSTX's Motion to Strike Portions of Plaintiff's Summary Judgment Evidence, and Brief in Support, filed January 3, 2006 (Clerk's Dkt. # 23). The matter was referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Interim Report and Recommendation to the District Court.

## I. BACKGROUND

On November 12, 2004 Plaintiff Randal J. Gonnering ("Gonnering") filed this action, naming Blue Cross and Blue Shield of Texas ("BCBS") and Emerald Resource Group, Inc. ("ERG") as Defendants. Plaintiff asserts claims for failure to hire based on a perceived disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12.112 and the Texas Commission on Human Right Act ("TCHRA"), TEX. LAB.CODE. ANN. § 21.051. Plaintiff also contends he is entitled to relief against ERG for the state law torts of intentional infliction of emotional distress, tortious interference with contractual relations, defamation and invasion of privacy.

In late 2003, Gonnering was approached by Jennifer Luley ("Luley"), an agent, employee and representative of ERG, a personnel placement service. (Plf.Aff.¶ 2).[1] Luley offered to assist Gonnering in securing a new job and obtained interviews for him with BCBS. These interviews resulted in an job offer from BCBS on January 5, 2004. (*Id.*).

Following the job offer, Gonnering received a package of information from BCBS via overnight mail. He completed and returned the included job application. Gonnering also submitted to a required drug test, which he passed. (*Id.* ¶ 3).

On January 12, 2004, Luley called Gonnering and requested the date he gave notice to his prior employer. Gonnering told her he had been on FMLA leave from his former employer prior to his departure. He gave his formal notice on December 12, 2003, to be effective January 12, 2004. Gonnering specifically requested Luley keep the information regarding his FMLA leave confidential. Luley assured him the information was strictly for her company's internal use. (*Id.* ¶ 4).

---

1. The only evidence submitted by the parties in connection with the motion for summary judgment is the affidavit of the Plaintiff. The factual recitation is taken directly from the affidavit.

The following day, Luley called back to confirm the dates. At that point she informed Gonnering she had told BCBS he had been on FMLA leave prior to leaving his former employer. Gonnering avers that "[d]uring the conversation between Luley and the BCBS representative, there ensued speculation as to the nature of my FMLA leave." (*Id.* ¶ 5).

On January 16, 2004 BCBS informed Gonnering the employment offer had been withdrawn. (*Id.* ¶ 6). Plaintiff learned BCBS withdrew the offer because BCBS was informed he took FMLA leave for "unspecified reasons" while with his former employer. Gonnering states that "[w]hen BCBS learned of his homosexuality from Luley, it falsely assumed that I was HIV positive and this was the reason for my FMLA leave." (*Id.* ¶ 7).

Plaintiff asserts the actions of BCBS constitute failure to hire based on a perceived disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112. He seeks both monetary damages and placement into the job he was originally offered. (*Id.* ¶¶ 5.1–6.2). Gonnering further asserts BCBS's conduct in failing to hire him because of a perceived disability constituted a violation of the Texas Commission on Human Right Act. TEX. LAB.CODE. ANN. § 21.051. (*Id.* ¶¶ 7.1–8.2). Plaintiff also contends he is entitled to relief against ERG for intentional infliction of emotional distress and tortious interference with contractual relations. (*Id.* ¶¶ 9.1–9.2, 11.1–11.3). Gonnering additionally seeks relief for defamation and invasion of privacy against both ERG and BCBS. (*Id.* ¶¶ 10.1–10.3, 12.1–12.2). Plaintiff seeks monetary damages, injunctive relief, interest, attorney fees and cost of court. (*Id.* ¶ 67).

Defendant BCBS has filed a motion for summary judgment and/or alternatively a motion for judgment on the pleadings.

BCBS maintains: (1) Gonnering's claim for intentional infliction of emotional distress is barred as a matter of law; (2) Plaintiff has failed to state an actionable claim for defamation; (3) Gonnering has not established a claim for tortious interference with prospective contractual rights; (4) Plaintiff's claim for invasion of privacy fails; and (5) Gonnering has failed to provide evidence sufficient to support his claims under the ADA. The parties have filed responsive pleadings, including a motion by BCBS to strike portions of Plaintiff's summary judgment evidence. The matter is now ripe for determination.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Wise v. E.I. DuPont De Nemours & Co.*, 58 F.3d 193, 195 (5th Cir.1995). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.1992).

The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 122 (1993). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir.2000). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id.*

## B. Intentional Infliction of Emotional Distress

BCBS argues Plaintiff cannot maintain a separate action for intentional infliction of emotional distress. BCBS first notes it is not entirely clear Gonnering has asserted such a claim in his complaint against BCBS. BCBS further argues that, because the facts underlying any such claim are identical to those underlying Plaintiff's ADA claims, he is not entitled to a separate recovery for this state law tort. In response, Plaintiff contends he is entitled to relief because BCBS intentionally inflicted emotional distress upon him by withdrawing their offer of employment because he is homosexual and BCBS incorrectly believed he had contracted the HIV virus.

■ The Texas Supreme Court has recently reiterated that the tort of intentional infliction of emotional distress is "a 'gap-filler' tort that should not be extended to circumvent the limitations placed on the recovery of mental anguish damages under more established tort doctrines." *Hoffmann–La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex.2004) (quoting *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex.1998)). The court further held that the tort of intentional infliction of emotional distress "should not be extended to thwart legislative limitations on statutory claims for mental anguish and punitive damages." *Id.* Notably, the plaintiff in *Hoffmann–LaRoche* brought an action for intentional infliction of emotional distress based on the same conduct underlying her statutory claim for sexual harassment under the Texas Commission on Human Rights Act. The court found that, because her statutory claim "provide[d] a remedy for the same emotional damages caused by essentially the same actions, there [was] no remedial gap in th[e] case and thus no support for the award of damages under the intentional-infliction claim." *Id.* at 450.

■ The undersigned agrees with BCBS that Gonnering's claim for intentional infliction of emotion distress is completely foreclosed here. Plaintiff cites only to the failure of BCBS to hire him based on the perception that he has contracted the HIV virus as evidencing the intentional infliction of emotional distress. These are the very same facts cited by Plaintiff in support of his claim under the ADA. Texas law clearly, therefore, bars his claim for intentional infliction of emotional distress. *See Hoffmann–LaRoche*, 144 S.W.3d at 441 (when gravamen of complaint is sexual harassment, plaintiff must proceed solely under statutory claim "unless there are additional facts, unrelated to sexual harassment, to support an independent tort claim for intentional infliction of emotional distress"). *See also Swafford v. Bank of America Corp.*, 401 F.Supp.2d

666

761, 765 (S.D.Tex.2005) (claim for intentional Infliction of emotional distress barred where gravamen of plaintiff's claim is age discrimination, and she invokes same evidence to show discrimination and hostile work environment that she relies on to show intentional Infliction of emotional distress); *Johnson v. Blue Cross/ Blue Shield*, 375 F.Supp.2d 545, 549–50 (N.D.Tex.2005) (dismissing state law claim alleging intentional infliction of emotional distress where claim incorporates and realleges same facts that support race and age discrimination claims); *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608, 633 (W.D.Tex.2005) (rejecting claim for intentional infliction of emotional distress where same facts formed basis for both intentional infliction of emotional distress claim and for plaintiff's Title VII harassment claim). Accordingly, BCBS should be granted summary judgment on this claim.

## C. Defamation

■ BCBS next contends Plaintiff is not entitled to recover on his claim for defamation. Under Texas law a defamation cause of action requires the plaintiff to prove: (1) the defendant published a false statement: (2) defamatory to the plaintiff, in that It damaged the plaintiff's reputation, exposing him to financial injury; and (3) the defendant made the statement negligently as to its truth. *Green v. CBS Inc.*, 286 F.3d 281, 283 (5th Cir.2002); *WFAA– TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex.1998); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). Whether a statement is reasonably capable of a defamatory meaning is a threshold question of law to be determined by the court. *Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d

653, 654 (Tex.1987). The court construes the statement "as a whole, in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement." *Musser*, 723 S.W.2d at 655; *Gaylord Broadcasting Co. v. Francis*, 7 S.W.3d 279, 283 (Tex.App.— Dallas 1999, pet. denied).

Plaintiff maintains a statement was published "when BCBS discussed with Luley the sexual preference of Gonnering, and thereafter concluded that he was HIV positive and that such condition was the basis for his FMLA leave." (Plf. Resp. at 7). The only evidence before the Court regarding this discussion is Plaintiff's affidavit. Gonnering states Luley informed BCBS that he had taken FMLA leave and that, "[d]uring the conversation between Luley and the BCBS representative, there ensued speculation as to the nature of my FMLA leave." (Plf.Aff.¶ 5). He further avers that, "[w]hen BCBS also learned of my homosexuality from Luley, it falsely assumed that I was HIV positive." (*Id.* ¶ 7).

■ The undersigned notes Plaintiff does not dispute his sexual orientation. Rather, his focus Is on the inaccuracy of the conclusion that he is HIV positive. Plaintiff's focus on the falsity of this conclusion, however, fails to address the threshold issue—whether BCBS made a statement. Plaintiff's affidavit refers only to BCBS's false assumption that he is HIV positive. He provides no evidence that BCBS ever actually made such a statement, or to whom it was published. Rather, Gonnering's affidavit evidences only his belief that BCBS wrongly concluded he is HIV positive. This is not sufficient to carry Plaintiff's burden in defeating BCBS's motion for summary judgment.[2]

2. As the undersigned discussed in the previous report and recommendation, in his complaint Plaintiff appears to base his claim of

defamation on the statements by Luley that he is homosexual and used FMLA leave. Plaintiff apparently believes these statements were

Accordingly, the motion should be granted as to this claim.

## D. Tortious Interference with Prospective Contractual Relationship

BCBS also seeks summary judgment as to Gonnering's claim for tortious interference with a prospective contractual relationship. As Plaintiff points out. however, he has not asserted such a claim against BCBS.

## E. Invasion of Privacy

■ BCBS next contends Gonnering's claim for invasion of privacy fails. The elements of this claim under Texas law are: (1) publicity was given to matters concerning one's personal life; (2) publication would be highly offensive to a reasonable person of ordinary sensibilities: and (3) the matter publicized is not of legitimate public concern. *Green v. CBS Inc.* 286 F.3d 281, 285 (5th Cir.2002); *Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473–74 (Tex.1995); *Industrial Found. of the South v. Texas Indus. Accident Bd.,* 540 S.W.2d 668, 682 (Tex.1976). BCBS argues Plaintiff's claim is insufficient as a matter of law because there was no publication involved.[3]

■■ The publicity required to create liability for invasion of privacy is more than mere publication. Rather, the information must have been either communicated to the public at large or to so many people that the matter is substantially certain to become one of public knowledge. *Dancy v. Fina Oil & Chem. Co.,* 3 F.Supp.2d 737, 740 (E.D.Tex.1997) (citing RESTATEMENT (SECOND) OF TORTS § 652D cmt. a (1979)). *See also Johnson v. Sawyer,* 47 F.3d 716, 731 (5th Cir.1995) (noting publication element requires communication of embarrassing private facts to public at large, not simply group of persons); *Patton v. United Parcel Serv., Inc.* 910 F.Supp. 1250, 1276 (S.D.Tex.1995) (same). Here, Gonnering alleges that the disclosure of information concerning his sexual orientation involved only the two defendants. This limited dissemination does not rise to the level of publication necessary to state a claim for invasion of privacy. Accordingly, BCBS is entitled to summary judgment as to this claim.

## F. ADA

Finally, BCBS moves for summary Judgment as to Gonnering's claims under both state and federal law asserting he was not hired based on his disability.

---

sufficient to imply to BCBS that he is HIV positive. In the previous report and recommendation the Magistrate Court declined to conclude that "a person of ordinary intelligence" would automatically conclude the facts of Gonnering's sexual orientation and use of *family* medical leave combine to establish he is HIV positive. INTERIM REPORT & REC. at 11 (citing FMLA language which provides purpose of act include balancing "demands of the workplace with the needs of families, to promote the stability and economic security of families" and entitling "employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition" while "ensuring generally that leave is available for eligible medical reasons (including maternity-related disabili-

ty) and for compelling family reasons, on a gender-neutral basis").

3. The undesigned notes Plaintiff's only response on this point is to challenge BCBS's argument as unsupported by citation to legal authority or evidence. As support for its argument BCBS cites the previous report and recommendation issued by the undersigned. The Magistrate Court recognizes the reference by BCBS as intending to incorporate the legal citation and analysis used in addressing Gonnering's claims against co-defendant ERG. Moreover, because the previous recommendation was for dismissal of this claim as a matter of law, there is no need for BCBS to introduce any evidence.

BCBS argues Plaintiff is not entitled to relief on these claims because he has not established he was disabled, or regarded as being disabled.

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). Similarly, under the TCHRA, an employer commits "an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." TEX. LABOR CODE § 21.051(1). Claims under both statutes are subject to the same legal standards. *See Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 n. 4 (5th Cir.1999) (Texas courts apply analogous federal precedents based on ADA when interpreting TCHRA with regard to employment discrimination); *Holt v. Lone Star Gas Co.*, 921 S.W.2d 301, 304 (Tex.App.—Fort Worth 1996, no writ) (same); *Austin State Hosp. v. Kitchen*, 903 S.W.2d 83, 87–88 (Tex.App.—Austin 1995, no writ) (same). *See also Pegram v. Honeywell*, 361 F.3d 272, 286 (5th Cir. 2004) (language of TCHRA parallels that of ADA).

■ To establish a violation under either statute, Gonnering must show that: (1) he has a disability; (2) he was qualified for the job; and (3) an adverse employment decision was made solely because of his disability. *Rizzo v. Children's World Learning Ctrs., Inc.*, 84 F.3d 758, 763 (5th Cir.1996). A person is disabled if he or she "either (1) is actually disabled, (2) is regarded as being disabled, or (3) has a record of being disabled." *Dupre v. Charter Behavioral Health Sys.*, 242 F.3d 610, 613 (5th Cir.2001). Failure to establish an

actual or perceived disability is thus fatal to a plaintiff's case. *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 280 (5th Cir.2000).

Plaintiff maintains BCBS regarded him as disabled because BCBS believed he is HIV positive. As reviewed above, the only evidence he presents concerning this belief is his own affidavit. In the affidavit he references the discussion between Luley and the BCBS representative, during which "there ensued speculation as to the nature of my FMLA leave." (Plf.Aff.¶ 5) Gonnering further avers that, "[w]hen BCBS also learned of my homosexuality from Luley, it falsely assumed that I was HIV positive and that this was the reason for my FMLA leave." (*Id.* ¶ 7).

■ The undersigned finds this evidence insufficient to carry Plaintiff's burden for several reasons. First, there is no indication that Gonnering was a party to the conversation between the Defendants. He has wholly failed to explain how the contents of their discussion is within his personal knowledge. Nor has Plaintiff pointed to any evidence which establishes BCBS actually made the assumption he references. He cannot rely on the knowledge that medical leave was taken as sufficient to establish either a perceived or actual disability under the ADA. *See Ahrens v. Perot Systems Corp.*, 39 F.Supp.2d 773, 783 (N.D.Tex.1999) (employer's knowledge that employee had taken medical leave in past does not establish employee is disabled under the ADA or that employer regarded her as such). In essence, the affidavit reflects nothing more than Gonnering's personal belief concerning the motivation of BCBS in withdrawing the job offered. According, Plaintiff's affidavit is fails to satisfy his summary judgment burden. *See Vance v. Union Planters Corp.*, 209 F.3d 438, 444 (5th Cir.2000) (mere subjective belief that dis-

crimination occurred, unsupported by any specific factual evidence, is insufficient to rebut employer's evidence of legitimate, nondiscriminatory reasons for its actions); *Ramsey v. Henderson,* 286 F.3d 264, 269–70 (5th Cir.2002) (cautioning that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" nonmovant's burden in summary judgment motion); *Grimes v. Tex. Dep't of Mental Health & Mental Retardation,* 102 F.3d 137, 139 (5th Cir.1996) (summary judgment may be proper if nonmoving party rests on "conclusory allegations, Improbable inferences, and unsupported speculation").

### III. MOTION TO STRIKE

Defendant BCBS has also filed a motion to strike portions of Plaintiff's summary judgment evidence. BCBS objects to much of Plaintiff's affidavit as unsupported speculation and hearsay. Plaintiff has not filed any response to the motion.

The undersigned does not disagree with many of Defendant's objections, but notes that the affidavit was the only evidence presented by Plaintiff. Accordingly, the Magistrate Court declines to strike the affidavit. Rather, as outlined above, the undersigned granted the affidavit all the weight and evidentiary significance it was due. The motion to strike should, therefore, be denied.

### IV. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendant BCBSTX's Motion for Summary Judgment and/or Alternatively Motion for Judgment on the Pleadings, and Brief in Support (Clerk's Dkt. # 17). The undersigned **FURTHER RECOMMENDS** that the District Court **DENY** Defendant BCBSTX's Motion to Strike Portions of Plaintiff's Summary Judgment Evidence (Clerk's Dkt. # 23).

### V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir.1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150–53, 106 S.Ct. 466, 472–74, 88 L.Ed.2d 435 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir.1996) (en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

January 27, 2006.