United States Court of Appeals,

Fifth Circuit.

No. 95-10353.

Ray N. JACKSON, Plaintiff-Appellant Cross-Appellee,

v.

Sheila E. WIDNALL, Secretary of the United States Department of the Air Force, Defendant-Appellee Cross-Appellant.

Nov. 14, 1996.

Appeals from the United States District Court for the Northern District of Texas.

Before SMITH and PARKER, Circuit Judges, and JUSTICE, District Judge.[*]

JERRY E. SMITH, Circuit Judge:

Ray Jackson appeals a summary judgment dismissing his various claims of employment discrimination arising under title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1994), and the Constitution. The Secretary of the United States Department of the Air Force ("Air Force"), cross-appeals a summary judgment ordering the Air Force to pay interest on back pay awarded to Jackson pursuant to a settlement agreement. We affirm the summary judgment dismissing Jackson's claims but, concluding that Jackson abandoned his claim for back pay interest by voluntarily entering into a settlement agreement, we reverse the award of back pay interest and render judgment in favor of the Air Force.

I.

Jackson commenced his employment with the Air Force in April 1984, accepting a civilian position as an Electronic Measurement Equipment Mechanic at Sheppard Air Force Base. Soon thereafter, he filed an informal complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that the Air Force had discriminated against him on the basis of race by failing to hire him when he first applied for the position in 1982. This o riginal EEOC complaint was resolved in September 1984 by an informal agreement.

In March 1985, the Air Force discharged Jackson, who filed administrative charges alleging

[*]District Judge of the Eastern District of Texas, sitting by designation.

that his termination constituted both racial discrimination in employment and retaliatory discharge. This second complaint was referred to the Air Force Equal Employment Opportunity Complaint Investigator (the "Investigator").

While his charges of racial discrimination and retaliation were pending, Jackson filed a third complaint in December 1986, alleging that the Air Force had failed to comply with the terms of the 1984 settlement and seeking to reinstate his original charge that the Air Force had engaged in racial discrimination by failing to hire him in 1982. The Air Force rejected this renewed claim in January 1987, finding that it had fully complied with the terms of the 1984 settlement. Jackson appealed this adverse decision to the Equal Employment Opportunity Commission Office of Review and Appeals (EEOC/ORA), which, by action dated July 14, 1987, refused to reinstate the claim. Jackson filed suit in federal court on August 17, 1987, seeking review of this claim. The district court dismissed, however, because Jackson had failed to file suit within thirty days of the final administrative order as required by title VII.

Meanwhile, the investigation of Jackson's 1986 EEOC complaint, alleging discriminatory termination and retaliatory discharge, continued apace. In March 1988, the Investigator recommended a finding that the Air Force had discharged Jackson in retaliation for his original EEOC complaint and in violation of the prohibition against racial discrimination in employment. Pursuant to this recommendation, the Air Force offered to reinstate Jackson as an Electronic Mechanic, including, *inter alia,* full compensation of back pay and benefits. Jackson accepted this settlement by letter on July 6, 1989, and the Air Force issued a Notice of Final Air Force Decision three days later.

Pursuant to the settlement agreement, the Air Force awarded Jackson $48,629.38 in back pay on November 30, 1989. Nevertheless, Jackson filed a new appeal with the EEOC/ORA on December 6, 1989, alleging that his new position was not the substantial equivalent of his former position, that he was entitled to receive interest on his award of back pay, and that the Air Force had failed to hire him prior to 1984 in violation of the prohibition against racial discrimination—the same claim that he had first raised in 1984, that the EEOC had refused to reinstate in 1987, and that the district court

had dismissed as untimely in 1988.

The EEOC/ORA determined that Jackson was not entitled to recover back pay interest, and it dismissed the claim of discriminatory hiring practices because it was not raised in the pending EEOC complaint (which derived exclusively from Jackson's second complaint regarding the circumstances surrounding his termination—not his employment). Finally, although the EEOC/ORA vacated the decision of July 12, 1989, and remanded to the Air Force for a supplemental investigation into the position Jackson would have occupied had he not been discharged, the Air Force reaffirmed its finding that Jackson had been reinstated to the position he would have held had he not been terminated. The EEOC thereupon closed its file.

Once again, Jackson filed suit in federal court, seeking to recover interest on the back pay awarded to him pursuant to the 1989 settlement agreement and renewing his original claim that the Air Force had failed to hire him, in violation of the prohibition against racial discrimination. After the conclusion of the Air Force's supplemental investigation, and the subsequent decision of the EEOC to terminate its compliance file in this case, Jackson amended his complaint to add a cause of action for failure to reinstate him to a substantially equivalent position following the 1989 settlement agreement. Finally, Jackson alleged that the Air Force had violated his constitutional rights.[1] The district court granted summary judgment for the Air Force on all claims except the issue of Jackson's entitlement to recover back pay interest, concluding that the Back Pay Act, 5 U.S.C. § 5596(b)(2), constitutes an express waiver of sovereign immunity authorizing the recovery of back pay interest.

## II.

## A.

We review a summary judgment *de novo*. *Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir.1992). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show

---

[1]A third amended complaint, which named several individual employees of the Air Force as defendants, was never served on the named defendants. Therefore, the district court correctly concluded that Secretary Widnall is the only proper party defendant in this case. *See* FED.R.CIV.P. 4(m).

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The party seeking summary judgment bears the burden of showing that there is an absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

We view facts in the light most favorable to the non-movant and draw all reasonable inferences in its favor. *Brothers v. Klevenhagen,* 28 F.3d 452, 455 (5th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 639, 130 L.Ed.2d 545 (1994). If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue of material fact is presented, and summary judgment is inappropriate. *Id.*

## B.

First, Jackson argues that the district court erred by permitting the Air Force to file a second summary judgment motion that merely renewed its original motion for summary judgment. We need not consider whether the second motion merely restated the first, however, as "a trial court may reconsider a previously denied motion for summary judgment even in the absence of new evidentiary material." *Conkling v. Turner,* 18 F.3d 1285, 1296 (5th Cir.1994); *accord Enlow v. Tishomingo County,* 962 F.2d 501, 507 n. 16 (5th Cir.1992).

Second, Jackson claims that the district court failed to afford him adequate notice of the summary judgment proceedings under FED.R.CIV.P. 56(c), which requires that a motion for judgment as a matter of law "shall be served at least 10 days before the time fixed for the hearing." FED.R.CIV.P. 56(c). Because the district court granted judgment as a matter of law without affording the parties a hearing in open court or giving advance notice that the motion would be considered on a date certain, Jackson contends that this procedure violated rule 56(c).

Rule 56(c) merely requires the court to give the non-movant an adequate opportunity to respond prior to a ruling. We have previously rejected Jackson's very argument, noting that rule

56(c) requires neither an oral hearing nor advance notice of a "date certain" on which a motion for summary judgment is to be decided;  instead, "if there is not a hearing, the adverse party must have at least ten days to respond to the motion for summary judgment." *Daniels v. Morris,* 746 F.2d 271, 274-75 (5th Cir.1984).[2]  Jackson had more than ten days to respond to the motion for summary judgment, and did so.[3]

Finally, Jackson argues that the district court erroneously applied the standards governing summary judgment, claiming that the court improperly faulted him for failing to come forth with competing evidence to survive the motion.  The dispositive question in reviewing a motion for summary judgment, however, is not the nature of the evidence adduced by the parties, but merely whether the evidence before the district court—whatever its nature—shows the absence of a genuine issue of material fact.  *See Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552-53.  This standard may be satisfied by establishing dispositive legal defenses.  The district court properly held that the Air Force's legal defenses were dispositive, making factual disputes irrelevant.

## III.

## A.

Appellant first contends that the 1989 settlement agreement did not provide him full relief for his claims of discrimination and retaliatory discharge, because the Air Force failed to return him to a "substantially equivalent" position after the settlement.  *See* 29 C.F.R. § 1613.271(a)(3) (1995).  We need not determine whether Jackson's new position is the substantial equivalent of his former one, however, because he voluntarily accepted the position in settlement of his claims and may not now complain that he made a bad bargain.

---

[2]*See also Enplanar, Inc. v. Marsh,* 11 F.3d 1284, 1293 n. 11 (5th Cir.) (noting that the court may rule on a motion for summary judgment based solely on the pleadings, provided the non-movant receives sufficient notice of the pending summary judgment motion), *cert. denied,* --- U.S. ----, 115 S.Ct. 312, 130 L.Ed.2d 275 (1994).

[3]The Air Force filed its motion for summary judgment on December 15, 1994;  Jackson filed his response on January 11, 1995;  and the court granted summary judgment on January 24, 1995. The Air Force had also previously filed a motion for partial summary judgment, challenging Jackson's untimely claims of discriminatory hiring practices, on February 5, 1991.  Jackson filed his response on March 11, 1991, and the court granted partial summary judgment on August 19, 1991.

The Air Force tendered a formal settlement offer to Jackson on June 26, 1989, which promised, *inter alia,* to place him as an Electronics Mechanic at Sheppard Air Force Base.[4] Alternatively, the offer notified Jackson of his right to reject the proposed disposition and pursue his complaint before the EEOC and the federal courts. Nevertheless, Jackson tendered a written acceptance on July 6, 1989, expressly acknowledging that the proposed disposition constituted full relief for his claims of employment discrimination and retaliation. Jackson now seeks to renege on the deal, however, claiming that his new job is not the substantial equivalent of his former position.[5]

Voluntary settlement agreements resolving claims of employment discrimination are binding on both parties. *See* 29 C.F.R. § 1613.217(b) (1995). Allowing one party to renounce an agreement and sue for additional relief would undermine our longstanding policy of encouraging settlement, thereby creating a disincentive to the amicable resolution of legal disputes and defeating the purposes of title VII.[6] Therefore, we agree with the conclusion of the district court:

> A deal is a deal, and Plaintiff's settlement is binding on him as much as it is binding on the Air Force. Whether Plaintiff's new position was "substantially equivalent" to his former position under § 1613.271 ceased to be relevant as soon as Plaintiff accepted the reinstated position.

In an attempt to escape the bonds of his settlement agreement, appellant urges us to conclude that the settlement was void *ab initio* because the Air Force had failed to adopt its proposed disposition of his complaint within thirty days after receiving the recommendations of the Investigator. *See* 29 C.F.R. § 1613.216(c). This objection is unavailing, however, as the parties entered into a voluntary settlement, thereby superseding the provisions of 29 C.F.R. § 1613.216(c). "Any settlement agreement knowingly and voluntarily agreed to by the parties, *reached at any stage*

---

[4] The terms of the offer were quite specific, promising to place Jackson in the position of "WG-2604-10, Electronics Mechanic, Maintenance Division, Trainer Development Branch, Fabrication Section, Sheppard Air Force Base, Texas." Jackson cannot credibly claim, therefore, that he was not fully apprised of the position described in the settlement offer.

[5] Jackson does not claim that the Air Force has failed to honor its obligations under the settlement agreement, but merely that the terms of the settlement agreement do not provide him full relief.

[6] *See Ho v. Martin Marietta Corp.,* 845 F.2d 545, 548 & n. 3 (5th Cir.1988); *see also Carson v. American Brands, Inc.,* 450 U.S. 79, 88 n. 14, 101 S.Ct. 993, 998 n. 14, 67 L.Ed.2d 59 (1981) (noting that title VII incorporates a strong preference for the voluntary settlement of employment discrimination claims); *Rogers v. General Elec. Corp.,* 781 F.2d 452, 454 (5th Cir.1986) (same).

*of the complaint process,* shall be binding on both parties." 29 C.F.R. § 1613.217(b) (emphasis added). We will not undermine this express policy encouraging voluntary settlement in order to release Jackson from his deal.

B.

Jackson next argues that the district court erroneously dismissed his original allegation that the Air Force had engaged in discriminatory hiring practices by failing to hire him when he first applied for the position of Electronics Mechanic in 1982. Jackson's repeated efforts to resuscitate his claim are meritless, however, as it is barred by the principle of res judicata.

To recount briefly the tortuous history of this claim, we must look back to Jackson's first EEOC complaint, filed in August 1984, which alleged that the Air Force had discriminated against him by refusing to hire him in 1982. That initial complaint was settled by informal agreement in September 1984. Jackson revived the issue in December 1986, however, alleging that the Air Force had failed fully to comply with the 1984 settlement agreement, and seeking to reinstate the original charge of discrimination.

On July 14, 1987, the EEOC/ORA issued its final decision, finding that the Air Force had fully complied with the 1984 settlement agreement and refusing to reinstate the complaint. Thirty-four days later, Jackson filed suit. The district court dismissed for failure to file suit within thirty days of the final administrative order. *See* 42 U.S.C. § 2000e-16(c) (1982); *see also Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 94, 111 S.Ct. 453, 456-57, 112 L.Ed.2d 435 (1990) (holding that the thirty-day statute of limitations is a condition to the waiver of sovereign immunity and must be strictly construed).[7]

Therefore, Jackson's claim is res judicata, and has been so for almost a decade. His claim of

---

[7]Although the Civil Rights Act of 1991, Pub.L. No. 102-166, § 114(1), 105 Stat. 1071, 1079 (codified as amended at 42 U.S.C. § 2000e-16 (1994)), relaxed this strict statute of limitations to 90 days, the amendment did not retroactively resurrect claims dismissed as time-barred under the prior statute of limitations. *Chenault v. U.S. Postal Serv.,* 37 F.3d 535, 539 (9th Cir.1994); *see also Rowe v. Sullivan,* 967 F.2d 186, 192-94 (5th Cir.1992) (declining to apply § 114(1) retroactively to resurrect an otherwise time-barred claim); *F.D.I.C. v. Belli,* 981 F.2d 838, 842-43 (5th Cir.1993) (holding that subsequent extensions of a statutory limitation period will not revive claims previously barred, in the absence of express legislative intent to the contrary).

discriminatory hiring practices died in 1987 with his failure timely to file suit.  *See Nilsen v. City of Moss Point,* 701 F.2d 556, 562 (5th Cir.1983) (en banc).[8]

C.

Finally, Jackson asserts that the Air Force has violated his constitutional rights by acting with malice toward him and with conscious disregard for his rights under the Constitution.  This allegation is too vague and conclusionary to state a claim upon which relief can be granted, and the district court properly entered summary judgment.  *See* FED.R.CIV.P. 8(a)(2).  Allegations of constitutional violations must be pleaded with "factual detail and particularity," not mere conclusionary allegations.  *Schultea v. Wood,* 47 F.3d 1427, 1430 (5th Cir.1995) (en banc).  Jackson has failed to satisfy this standard and is not entitled to relief.[9]

Moreover, title VII provides the exclusive remedy for employment discrimination claims raised by federal employees.  *Brown v. General Servs. Admin.,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976);  *Rowe v. Sullivan,* 967 F.2d 186, 189 (5th Cir.1992).  Insofar as Jackson's allegations of constitutional violations arise out of the same facts as his employment

---

[8]Jackson attempts to distinguish the prior lawsuit from the instant litigation by claiming that the 1988 judgment merely declined to reinstate the original 1984 EEOC complaint but did not adjudicate the merits.  This distinction is artificial and inadequate to surmount the res judicata bar.

First, the underlying cause of action is identical:  In both lawsuits, Jackson alleged that the Air Force had discriminated against him on the basis of race by failing to hire him in 1982.  By declining to reinstate the original complaint, the EEOC, in the prior litigation, determined that the Air Force had fully complied with the 1984 settlement agreement, thereby ruling on the merits of the claim.  Jackson missed his opportunity to challenge this determination in federal court when he failed to comply with the statute of limitations prescribed by title VII;  he cannot escape the consequences of his default by relitigating the same claim in a subsequent lawsuit.  Therefore, the discriminatory hiring practices claim, dismissed as time-barred in 1988, is res judicata.

Moreover, even assuming, *arguendo,* that the prior decision was formally distinct from the instant complaint, the two lawsuits are functionally identical for purposes of the modern transactional test of res judicata.  Not only is there perfect identity among the parties, but the present claim arises out of the same nucleus of operative facts as the prior complaint.  *See Nilsen,* 701 F.2d at 560.

[9]Although Jackson attempts to cure this ambiguity by raising colorable constitutional claims before this court, it is too late.  Constitutional claims not raised in the district court are deemed waived and may not be asserted for the first time on appeal.  *Cathey v. Guenther,* 47 F.3d 162, 163 n. 2 (5th Cir.1995).

discrimination claims, therefore, they are preempted by title VII and cannot afford an independent ground for relief. *Rowe,* 967 F.2d at 189.[10]

IV.

In its cross-appeal, the Air Force argues that the district court erred by ordering it to pay Jackson interest accrued on his back pay during the period between his discharge in 1985 and his reinstatement in 1989. Because we conclude that the 1989 settlement agreement constituted complete satisfaction of Jackson's claims, we agree.

As a general rule, awards of prejudgment interest may not be recovered against the United States. *Library of Congress v. Shaw,* 478 U.S. 310, 314, 106 S.Ct. 2957, 2961, 92 L.Ed.2d 250 (1986). In the absence of an express waiver of sovereign immunity, manifested by explicit congressional consent to an award of interest, the United States remains immune to liability for prejudgment interest. *Id.* at 314-17, 106 S.Ct. at 2961-63. As originally enacted, title VII did not provide an express waiver of sovereign immunity, and the Supreme Court therefore held that the United States was immune from awards of interest under title VII. *See id.* at 317-23, 106 S.Ct. at 2962-66. Indeed, Congress did not expressly authorize awards of prejudgment interest against the United States in cases arising under title VII until the enactment of the Civil Rights Act of 1991—two years *after* the conclusion of the events relevant to the present case. *See* Civil Rights Act of 1991, § 114(2), Pub.L. No. 102-166, 105 Stat. 1071, 1071, 1079 (codi fied as amended at 42 U.S.C. § 2000e-16(d) (1994).[11]

Nevertheless, the district court concluded that Jackson was entitled to recover prejudgment interest accrued on his back pay under the Back Pay Act, construing that Act as the requisite waiver of sovereign immunity from interest awards. As interpreted by the district court, therefore, title VII

---

[10]Likewise, insofar as Jackson purports to raise non-constitutional tort claims, the district court correctly concluded that he has failed to exhaust his administrative remedies as required by the Federal Tort Claims Act and is therefore barred from filing suit. *See* 28 U.S.C. § 2675(a).

[11]*See Brown v. Secretary of the Army,* 78 F.3d 645, 647 (D.C.Cir.1996) (holding that the interest provisions of § 114(2) are not retroactive), *petition for cert. filed,* 65 U.S.L.W. 3186 (U.S. Sept. 12, 1996) (No. 96-395); *Woolf v. Bowles,* 57 F.3d 407, 409-10 (4th Cir.1995) (same).

and the Back Pay Act are in apparent conflict concerning the entitlement of a plaintiff to recover interest accrued prior to 1991 on an award of back pay for claims of employment discrimination against the United States.

We need not resolve this tension, however, because Jackson entered into a voluntary settlement agreement with the Air Force in 1989, abandoning his statutory cause of action in return for reinstatement and accrued back pay. The terms of the settlement agreement did not include interest accrued on back pay, but merely the principal amount of back pay and benefits accrued between the date of termination and the date of reinstatement. Jackson now asks this court to rewrite the terms of his settlement, awarding benefits for which he did not bargain. This we cannot do.

As we have noted, the 1989 settlement agreement is binding on both parties. *See* 29 C.F.R. § 1613.217(b) (1995). The terms of the settlement agreement, not the statute, govern the respective rights of the parties. Consequently, we reverse the summary judgment on the question of back pay interest and render judgment for the Air Force.

## V.

The summary judgment for the Air Force on all claims except back pay interest is AFFIRMED. The summary judgment for Jackson on his claim for accrued back pay interest is REVERSED, and judgment is RENDERED for the Air Force.