**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-60664
Summary Calendar

MARSHA L. HOPKINS,

Plaintiff-Appellant,

VERSUS

MARVIN T. RUNYON, Postmaster General, ET AL,

Defendants

MARVIN T. RUNYON, Postmaster General

Defendant-Apellee.

Appeal from the United States District Court
For the Southern District of Mississippi

(3:96-CV-236-BrN)

June 24, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Marsha Hopkins, formerly a Manager of Post Office Operations in Jackson, Mississippi, filed a suit against the Postal Service, the Postmaster General, and several other employees in which she

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged that the defendants had discriminated against her on the basis of her race and sex, in violation of 42 U.S.C. § 1981, 1983, 1985, 1988 and 2000e (Title VII). She contended specifically that the Postal Service (1) revoked a promotion on the basis of her color and sex, and (2) took several race-based and sex-based employment actions against her that culminated in her termination. The district court dismissed Hopkins's claims against every defendant except Marvin T. Runyon, Jr., the Postmaster General. The district court also dismissed all of Hopkins's claims that were not filed under Title VII. All that remained was Hopkins's claim that the Postal Service discriminated against her on the basis of her race and sex by revoking a promotion that she had been granted prior to being unlawfully terminated. The defendant filed a supplemental motion to dismiss, or, in the alternative, for summary judgment, which motion the district court granted. Hopkins filed a timely notice of appeal. We affirm.

We review de novo the district court's grant of summary judgment on behalf of the defendants.[2] We have reviewed each of Hopkins's arguments on appeal. None has merit.

First, the district court dismissed properly Hopkins's claims against all defendants but the Postmaster General. According to 42 U.S.C. § 2000e-16(c), "the head of the department, agency, or unit ... shall be the defendant in a Title VII action brought by a

---

[2] *Douglass v. United States Automobile Ass'n*, 65 F.3d 453, 458 (5th Cir. 1995).

federal employee."

Second, the district court dismissed properly all of Hopkins's claims that she did not file under Title VII. It is well-settled that Title VII is the exclusive individual remedy available to a federal employee complaining of job-related racial discrimination.[3]

Third, the district court was correct in concluding that a settlement agreement that Hopkins had entered into with the Postal Service concerning her termination precluded her from relitigating the issue in the district court. "Voluntary settlement agreements resolving claims of employment discrimination are binding on both parties."[4]

Finally, the district court concluded correctly that no genuine issue of material fact existed regarding whether the Postal Service revoked Hopkins's promotion on the basis of her color or sex. Hopkins failed to meet her burden of demonstrating that the Postal Service's stated reason for the revocation of her promotion was pretextual.[5]

AFFIRMED.

---

[3] *Brown v. General Services Administration*, 425 U.S. 820, 824–25 (1976); *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992).

[4] *Jackson v. Widnall*, 99 F.3d 710, 714 (5th Cir. 1996).

[5] See *Marcantel v. State of La., Dep't of Transportation and Development*, 37 F.3d 197, 199 (5th Cir. 1994).