# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2013

No. 12-30886
Summary Calendar

Lyle W. Cayce
Clerk

WILFRED ARDOIN,

　　　　Plaintiff - Appellant

v.

POLICE JURY OF EVANGELINE PARISH,

　　　　Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No: 6:11-CV-1659

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Wilfred Ardoin appeals the district court's order granting summary judgment for the Police Jury of Evangeline Parish ("Police Jury") on his retaliation and race discrimination claims. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30886

## FACTS AND PROCEEDINGS

The Police Jury employed Ardoin from 1999 through 2008. For the last two years of his employment, he was a maintenance worker at Crooked Creek Recreation Area. At a Police Jury meeting in April 2008, Ardoin complained that he was not paid for overtime, after which his hours were reduced. Also in spring 2008, the Police Jury initiated an investigation into Crooked Creek because of the park's long-running financial troubles. The investigation uncovered gross mismanagement of funds, which led the Police Jury to fire the park's manager and lay off all part-time employees, including Ardoin, in November, shortly after the investigative report was released.

At the beginning of each year, employees laid off by the Police Jury are subject to rehire for the new year. In January 2009, the Police Jury rehired one maintenance worker for Crooked Creek, Charlie Hilts, who is black. Ardoin, who is also black, was not rehired.

After learning that he would not be rehired, Ardoin filed a charge against the Police Jury with the Equal Employment Opportunity Commission ("EEOC"), alleging that the Police Jury's failure to rehire him was an act of racial discrimination and in retaliation for his complaints at the April 2008 meeting. The EEOC was unable to conclude that the Police Jury committed any statutory violations but advised Ardoin that he could bring suit against the Police Jury in district court.

Ardoin filed such a suit, claiming that the Police Jury discriminated against him because of his race in violation of Title VII and that it retaliated against him in violation of the anti-retaliation provisions of the Fair Labor Standards Act ("FLSA"). Following discovery, the Police Jury moved for summary judgment on both claims. The district court granted the motion, and Ardoin appeals.

No. 12-30886

## DISCUSSION

Ardoin argues on appeal that the district court erred in granting summary judgment for the Police Jury, because there are genuine issues of material fact with respect to both his discrimination and retaliation claims.

*1. Standard of review*

"We review a district court's grant of summary judgment *de novo*, applying the same standard as did the district court." *Stults v. Conoco, Inc.*, 76 F.3d 651, 654 (5th Cir. 1996). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Kinney v. Weaver*, 367 F.3d 337, 348 (5th Cir. 2004). "We view facts in the light most favorable to the non-movant and draw all reasonable inferences in [his] favor." *Jackson v. Widnall*, 99 F.3d 710, 713 (5th Cir. 1996).

*2. Title VII race discrimination claim*

To make out a prima facie case of race discrimination under Title VII, Ardoin must show that:

> (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). As a black person, Ardoin is a member of a protected class. His employment by the Police Jury as a maintenance worker for two years is evidence that he was qualified for the position. And his layoff was an adverse employment action. Therefore, he has established the first three elements of his prima facie case.

Ardoin, however, did not establish the final element of his case – that he was treated less favorably than similarly situated white employees. Construing the evidence in the light most favorable to Ardoin, the only similarly situated maintenance employee treated more favorably than Ardoin was Hilts, as he was

3

the only employee rehired after being laid off.[1]  But Hilts is black, and thus a member of Ardoin's protected class.  Because Ardoin did not establish a prima facie case, the district court did not err in granting the Police Jury's motion for summary judgment on his discrimination claim.

*3. FLSA retaliation claim*

To succeed in his retaliation claim, Ardoin first must make a prima facie showing of "(1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action." *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008). "If a plaintiff meets this burden, the defendant must then articulate a legitimate, non-discriminatory reason for its decision.  The burden then shifts to the plaintiff to demonstrate that the proffered reason is a pretext for discrimination." *Id.*

Assuming, without deciding, that Ardoin's comments at the Police Jury meeting constituted a protected activity as required by the FLSA, he must still establish a causal link between this activity and the Police Jury's failure to rehire him.  The only evidence Ardoin proffers to establish this link is the temporal proximity between his complaint in April 2008 and the Police Jury's failure to rehire him in January 2009.  Given that we have previously held that a five-month interval between protected activity and an adverse employment action is insufficient, without more, to establish the causal link element of a prima facie retaliation claim, *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471-72 (5th Cir. 2002), the nine-month interval here cannot, by itself, provide

---

[1]  In February of the same year, Wesley Johnson, a white maintenance worker, returned to work after his extended leave of absence for cancer treatment.  Johnson and Ardoin were not similarly situated, nor were the employment actions by the Police Jury with respect to each of them undertaken under nearly identical circumstances, because Johnson was reinstated after he took a leave of absence to undergo cancer treatment, while Ardoin was not rehired after he was laid off with all other part-time employees in response to an investigative report that detailed wrongdoing by park employees.

No. 12-30886

such a link. Ardoin thus failed to make a prima facie showing of retaliation, and the district court's grant of summary judgment for the Police Jury was proper.

## CONCLUSION

For the reasons given above, the district court's order granting summary judgment for the Police Jury is AFFIRMED.