# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 16, 2013

No. 13-20091
Summary Calendar

Lyle W. Cayce
Clerk

THE ESTATE OF A.R., A MINOR CHILD, DECEASED; TOMASA
RODRIQUEZ, individually and on behalf of the heirs of A.R.,

     Plaintiffs - Appellants

v.

DAVE MUZYKA, Principal of the T.H. Rogers Elementary School,
individually and in his official capacity; CRYSTAL EVANS, Individually and
in her official capacity; HOUSTON INDEPENDENT SCHOOL DISTRICT,

     Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-533

Before JOLLY, SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     The estate of A.R. and her mother, Tomasa Rodriquez, appeal the district court's order granting summary judgment to the Houston Independent School District ("HISD") on claims under Section 504 of the Rehabilitation Act, 29

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20091

U.S.C. § 794 ("Section 504"), and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 ("ADA").[1] We AFFIRM.

## FACTS AND PROCEEDINGS

A.R., a nine-year-old deaf child, attended a school for children with disabilities operated by the HISD. In the summer of 2008, her mother enrolled her in a voluntary summer enrichment program offered by the school that she had attended in prior summers. The program included swimming in the school's shallow pool. A.R.'s mother signed a written permission form for her daughter to swim that summer, as she had signed in the previous summers A.R. had swam there without incident. Tragically, on June 26, 2008, A.R. experienced a seizure, fell into the water, and drowned. Efforts by teachers and medical personnel to save her proved unsuccessful.

A.R.'s estate and her mother sued the HISD, the principal, and a physical education teacher who was overseeing the children in the pool area under Section 504 and the ADA. The principal and the teacher moved for summary judgment, which was granted. The HISD subsequently moved for summary judgment, which was also granted.

A.R. appeals only the district court's dismissal of the claims against the HISD. A.R. argues that she has raised a genuine dispute of material fact on her Section 504 and ADA claims that requires reversal of the district court. Specifically, A.R. argues that she has raised triable issues because 1) HISD intentionally discriminated against A.R. by refusing to provide services necessary to give A.R. safe and meaningful access to the summer program and 2) grossly deviated from the standard of care in ignoring and mishandling information about A.R.'s seizure disorder.

---

[1] The district court also granted HISD summary judgment on A.R.'s 42 U.S.C. § 1982 claim. She does not challenge that decision on appeal.

2

No. 13-20091

## DISCUSSION

"We review a district court's grant of summary judgment *de novo*, applying the same standard as did the district court." *Stults v. Conoco, Inc.*, 76 F.3d 651, 654 (5th Cir. 1996). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Kinney v. Weaver*, 367 F.3d 337, 348 (5th Cir. 2004). "We view facts in the light most favorable to the non-movant and draw all reasonable inferences in its favor." *Jackson v. Widnall*, 99 F.3d 710, 713 (5th Cir. 1996).

Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Because Section 504 closely tracks the language of the ADA, we analyze ADA and Section 504 claims together. *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000).

To make a prima facie case of discrimination under the ADA,

> a plaintiff must demonstrate: (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.

*Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004). "[I]n order to receive compensatory damages for violations of the Acts, a plaintiff must show intentional discrimination." *Delano-Pyle v. Victoria Cnty.*, 302 F.3d 567, 575 (5th Cir. 2002). "[A] cause of action is stated under § 504 when it is alleged that a school district has refused to provide reasonable accommodations for the handicapped plaintiff to receive the full benefits of the school program." *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir. 2010).

No. 13-20091

This court has previously noted that "[f]acts creating an inference of professional bad faith or gross misjudgment are necessary to substantiate a cause of action for intentional discrimination under § 504 or ADA against a school district . . ." *Id.* at 455. There is some discussion in the district court's opinion as to whether this standard only applies to claims under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, or to all § 504 and ADA claims. Certainly, *D.A.* stands for the proposition that Congress did not intend § 504 or ADA claims to create general tort liability for the government. *Id.* Furthermore, as the district court ably noted below, under either a bad faith standard or the standard proposed by A.R. ("deliberate indifference") there is no genuine issue of material fact. Something more than mere negligence must be shown.

A.R. argues that she has raised a material issue of whether the school district intentionally discriminated against her, contending that discrimination can be proved without showing different treatment or any active animus on the part of the school.[2] Admittedly, none was present here. The argument instead is that "A.R.'s safe and meaningful access to the program was interrupted *because of her* disability." A.R. points out many things the school could have done to make the situation safer for her in the pool area: additional lifeguards, different types of alarm devices, and so on.

Even taking all the evidence A.R. presents as true, she at most only establishes negligence. There is no evidence presented that rises to the level of "bad faith or gross misjudgment" or "deliberate indifference" by the school district. There is no evidence of "intentional discrimination" against A.R. in this

---

[2] A.R. points to our decision in *Bennett-Nelson v. Louisiana Board of Regents* to support the proposition that proof of animus is not required. 431 F.3d 448 (5th Cir. 2005). That decision, however, concerned "the sole issue... [of] whether Louisiana's Eleventh Amendment sovereign immunity" barred claims under the ADA and Section 504. *Id.* at 450.

No. 13-20091

school that was established to teach and serve disabled children.  There is no evidence of any exclusion of A.R. from the benefits of services, programs, and activities at the school.  Tragically, A.R.'s death resulted from her inclusion in the full activities of a summer school program that was not discriminatory under the case law or the statute, and the district court did not err when it determined that no genuine issue of material fact existed to present to a jury.

## CONCLUSION

For the reasons given above, the district court's order granting summary judgment for HISD is AFFIRMED.