# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2019

Lyle W. Cayce
Clerk

No. 18-11107
Summary Calendar

ROBERT LEE BROWN,

Plaintiff-Appellant

v.

ROBERT WILKIE, SECRETARY, U.S. DEPARTMENT OF VETERANS
AFFAIRS,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-1150

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Robert Lee Brown seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's grant of the appellee's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss his 42 U.S.C. § 1983 racial discrimination complaint. Brown also moves for the appointment of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11107

By moving to proceed IFP, Brown is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Brown's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Although Brown addresses the district court's dismissal of his claims, his arguments are conclusional, at best, and merely reciting a cause of action, supported by only conclusory assertions, is not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, Brown does not address the overarching issue, namely that his arguments essentially raise an employment discrimination claim and that the exclusive remedy for federal employees to bring such a claim is Title VII of the Civil Rights Act of 1964. *See Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996).

Brown fails to identify a legal or factual basis upon which the district court wrongly resolved the merits of his claims or to present any ground upon which the disposition of his claims was erroneous. *See Iqbal*, 556 U.S. at 678. Thus, he has failed to show that "the appeal involves legal points arguable on their merits." *Howard*, 707 F.2d at 220 (internal quotation marks and citation omitted). Accordingly, Brown's IFP motion is DENIED. Brown's motion for the appointment of counsel is likewise DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.